```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                              C/M
----------------------------------------------------------- X
VALARIE HUNTER,                           :
                                          :
                        Plaintiff,        :
                                          :        **MEMORANDUM**
            -against-                     :        **DECISION AND ORDER**
                                          :
UNITED STATES POSTAL SERVICE and          :        19-cv-2572 (BMC) (PK)
UNITED STATES OF AMERICA,                 :
                                          :
                        Defendants.       :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

In this *pro se* negligence case under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671, defendants have moved for summary judgment on the ground that plaintiff failed to sue in federal court within six months of the agency mailing its final denial of her claim.[1] Plaintiff opposes on the ground that she never received the denial letter, but the law is that it is the mailing of the letter, not its receipt, that commences the six month period. Because plaintiff has not demonstrated a basis for equitable tolling, the motion is granted.

## BACKGROUND

On June 18, 2017, a United States Postal Service ("USPS") truck damaged plaintiff's property. Plaintiff filed a Standard Form 95 administrative tort claim with the USPS about 10 days later, on June 29, 2017. Between that date and February 15, 2018, plaintiff engaged with

---

[1] Defendants initially moved under Federal Rule of Civil Procedure 12. Because, as discussed below, the Supreme Court held in United States v. Kwai Fun Wong, 135 S. Ct. 1625 (2015), that the FTCA's time bar is not jurisdictional (and therefore subject to equitable tolling), I could not decide the motion under Rule12(b)(1). See Torres v. United States, 612 F. App'x 37, 40-41 (2d Cir. 2015) ("[A]lthough the district court was correct that the statute of limitations bars Torres's FTCA claim, that conclusion requires a dismissal on substantive, not jurisdictional grounds."). And because the USPS tracking receipt for its denial letter is not referenced in the complaint, I could not consider it as part of the motion under Rule 12(b)(6). I therefore converted the motion to one seeking summary judgment, providing notice to the parties and the opportunity to submit more evidence.

the USPS in supplying additional documentation that it requested and having settlement discussions. Plaintiff rejected the USPS's settlement offer of February 15, 2018, and (construing the facts in her favor) demanded a new offer.

The USPS sent plaintiff a letter by certified mail on June 15, 2018, denying her claim (the "first denial letter"). The USPS tracking system shows that the first denial letter made it as far as Brooklyn, where plaintiff lives, but it suggests that the letter was not delivered to plaintiff – even as of the date of this decision, the tracking system shows that the letter is still "in transit."[2] Plaintiff, in fact, denies receiving the first denial letter.

Plaintiff next wrote to the USPS in February and March, 2019, notifying it that she was still waiting to hear back about her claim. The USPS responded with a letter dated March 22, 2019, again sent by certified mail (the "second denial letter"), advising her that, in fact, it had denied her claim on June 15, 2018, and that because more than six months had elapsed, any suit against the USPS would be time-barred. It also enclosed a copy of the first denial letter. Although plaintiff acknowledges receiving this second denial letter and its enclosure, the USPS tracking system shows that the letter was "Awaiting Delivery Scan" as of March 26, 2019, and further states (even as of the date of this decision) that "[t]he delivery status of your item has not been updated as of March 29, 2019… ."[3]

Plaintiff filed a suit in federal court on April 26, 2019, more than six months after the USPS mailed the first denial letter, but less than six months after it mailed the second denial letter.

---

[2] https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70170190000024101098%2C.

[3] https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70171450000196105807%2C.

## **DISCUSSION**

The United States can only be sued by its permission and in the manner prescribed by Congress, subject to the restrictions – including statute of limitations – it imposes. Szyka v. United States Secretary of Defense, 525 F.2d 62 (2d Cir. 1975). Because the FTCA is an instance of the waiver of sovereign immunity, its terms and limitations must be strictly construed and applied. United States v. Kubrick, 444 U.S. 111 (1979).

The applicable statute of limitations for claims under the FTCA, 28 U.S.C. § 2401(b), provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Thus, the FTCA statute of limitations begins to run when the agency mails the denial letter, not when, or even if, the letter is received. See Davis v. Goldstein, 563 F. App'x 800, 803 (2d Cir. 2014). "Actual receipt of the notice … is not required by the statute." Pascarella v. United States, 582 F. Supp. 790, 792 (D. Conn. 1984). See also Youlo v. United States, No. 12-cv-3135, 2013 WL 4479199, *at 4 (E.D. Pa. Aug. 21, 2013) ("Plaintiff does not and cannot dispute the fact that the USPS sent the notice of claim denial on June 6, 2011. Plaintiff only disputes receipt of this notice. This is not relevant for purposes of determining the limitation periods for the filing of her FTCA claim.").

Although her lawsuit is thus subject to the time-bar of § 2401(b), the Supreme Court has held that § 2401(b) is non-jurisdictional, and is therefore subject to equitable tolling. See United States v. Kwai Fun Wong, 575 U.S. 402 (2015). To invoke the doctrine of equitable tolling, a

3

plaintiff must show (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way. See Zerrilli-Edelglass v. N.Y.C. Transit Authority, 333 F.3d 74, 80-81 (2d Cir. 2003). This standard is very high. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (stating "a garden variety claim of excusable neglect" is not enough to show equitable tolling). And the burden is on plaintiff to demonstrate the basis for equitable tolling. See Holland v. Florida, 560 U.S. 631, 655 (2010).

To satisfy the first factor, plaintiff needs to show that she did not contribute to the delay. See Kassman v. KPMG LLP, No. 11-cv-3743, 2015 WL 5178400, at *4 (S.D.N.Y. Sept. 4, 2015). Even allowing for her *pro se* status, I cannot find that plaintiff has demonstrated the level of diligence that the strict standard of equity requires. She was certainly diligent in filing her claim – only 10 days passed between the date of the accident and her filing of an administrative claim in June 2017 – and she remained actively involved in providing additional documentation and engaging in settlement discussions with the USPS through February 15, 2018. But at that point, having rejected the USPS's settlement offer and (crediting her version of the facts) demanding a new offer or making her own counter-offer, she went radio silent for a year. Plaintiff describes this period as "patiently waiting," and I can appreciate her perspective on that, but equitable tolling is inconsistent with patiently waiting for that long a time. "Equity aids only the vigilant." 11 Current Law, Equity § 2B, at p. 1237 (W. Shumaker, 1909).[4] Cf. Huang v. Gonzales, 190 F. App'x 71 (2d Cir. July 26, 2006) (waiting almost a year to pursue a claim not adequate diligence for equitable tolling to apply).

---

[4] Lost mail can be an "extraordinary circumstance" for purposes of equitable tolling. See Washington v. Ollison, No. 06-cv-4490, 2007 WL 1378013, at *3 (N.D. Cal. May 9, 2007). I might well find that here. Plaintiff was not the sender of the first denial letter, and thus had no reason to know when or if it had been sent. In addition, there is an unfortunate irony in the USPS being not only the government agency that committed the tort, but the agency the primary function of which was to deliver the first denial notice. Finally, it was pursuant to the first denial letter itself that plaintiff would have learned of the six-month period. Nevertheless, equitable tolling requires satisfaction of both factors, and I cannot find that plaintiff's year-long silence constitutes sufficient diligence.

4

## **CONCLUSION**

Defendants' motion for summary judgment [13] is granted. The Clerk is directed to enter judgment, dismissing this case. Whether equitable tolling should apply is a non-frivolous issue, and so *in forma pauperis* status is granted for the purpose of an appeal.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
      February 14, 2020